UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA PERNELL-HARRIS,

     Plaintiff,

Vs                                               Case No. 2:14-cv-14621
                                                Hon. Arthur J. Tarnow

OAKLAND COMMUNITY COLLEGE,

     Defendant.

_____/

**PLAINTIFF'S BRIEF IN OPPOSITION TO**

**DEFENDANT'S MOTION TO DISMISS**

TABLE OF CONTENTS

Introduction...................................................................................................1

Factual Background.......................................................................................1

Procedural Background................................................................................2

Legal Standard..............................................................................................3

Legal Argument.................................................................... .......4

    A.    There is no prior decision on the merits.........................................4

    B.    Defendant agreed to split claims and continue the federal case after dismissal of the state case.........................................................11

    C.    Application of res judicata would be inequitable..........................13

Conclusion...................................................................................................14

# MOST APPROPRIATE AUTHORITY

*Haberkorn v. Chrysler Corp.,* 210 Mich. App. 354, 378 (1995)

*Marilyn Froling Revocable Living Trust v. Bloomfield Hills Country Club,* 283 Mich. App. 264, 297 (2009)

 *Hanley v. Mazda Motor Corp.,* 239 Mich. App. 596, 603 (1999)

*JP Morgan Chase Bank v. McMinn,* 2013 Mich. App. LEXIS 1880 at *14 (Mich. App. 2013)

*Board of County Road Comm'rs v. Shultz,* 205 Mich. App. 371, 380 (1993)

*Glassbrook v. Rose Acceptance, Inc.,* 2013 U.S. Dist. LEXIS 169939 at *10 (E.D. Mich. 2013)

Restatement (Second) of Judgments § 26(1)(a)

## Introduction

This matter is before the Court on Defendant's Motion to Dismiss or in the Alternative, Motion for Judgment on the Pleadings.  Defendant's sole argument is that it should not be held to its own negotiated agreement with Plaintiff to dismiss the state case between the parties and continue the litigation in federal court.  Defendant asks that this Court apply res judicata, or claim preclusion, to avoid the parties' agreement.  For the reasons set forth herein, the Court should decline to do so.

## Factual Background

This case arose from Plaintiff's employment with Oakland Community College ("OCC").  Plaintiff, who was a 24 year employee of OCC, coordinated services and accommodations for students with disabilities. Complaint para. 13-15.  During her employment, Plaintiff reported, internally and publicly, that OCC was not meeting the needs of its students with disabilities in violation of state and federal law. *Id.* para 25-26.  Due to her advocacy on behalf of students with disabilities, Plaintiff was subjected to a retaliatory hostile work environment which resulted in such a severe impact on her psychiatric and physical health that her doctor advised her not to return to work at OCC.  *Id.* para. 58-60.  Plaintiff has been off work upon the advice of

1

her doctors since March 3, 2014.  *Id.* para. 58.  Her psychiatric condition continues to prevent her from returning to work at OCC, constituting a constructive discharge.

## Procedural Background

Plaintiff filed a complaint in state court on May 30, 2014 alleging a violation of the Whistleblower Protection Act. (Ex. 4).  While the case was pending, Plaintiff received her right to sue notice from the EEOC regarding her disability retaliation claims.  Plaintiff's counsel contacted defense counsel regarding Plaintiff's intent to file a separate federal case based on Plaintiff's claim that she was retaliated against for advocating on behalf of students with disabilities. (Ex. 3).  Defense counsel acquiesced in the filing of the separate claim and asked if Plaintiff intended to continue to pursue the state claim. Plaintiff said she would consider dismissing the state claim. (Ex. 3).  After the federal complaint was filed, Defense counsel again acquiesced in the splitting of the claims. (Ex. 1 & 3).  Plaintiff requested that the parties engage in one discovery track for both cases.  Defense counsel considered it, but ultimately refused. (Ex. 3).  Soon after Defense counsel refused to agree to engage in one discovery track for both cases, Plaintiff's counsel contacted Defense counsel

regarding an agreement to dismiss the state court action.[1] (Ex. 2 & 3).

Plaintiff's counsel explained that it did not make sense to engage in discovery

twice when the damages available overlapped.  Plaintiff's counsel proposed

that they agree to continue only with the federal case and dismiss the state

case without costs.  Defense counsel agreed.  (Ex. 3).  Both parties were fully

aware that the intention of the dismissal was to more efficiently litigate the

claims of the Plaintiff.  Both parties intended the federal case to proceed.

Defendant now attempts to back out of this agreement.

## Legal Standard

In considering a 12(b)(6) motion to dismiss, the Court must view

complaint in the light most favorable to the plaintiff, treat all well-pleaded

allegations as true, and dismiss the plaintiff's claims only if it is without doubt

that the plaintiff "can prove no set of facts in support of the claims that would

entitle him to relief." *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 445-46

(6th Cir. 2000).

Defendant fails to meet this high standard.  The motion must be denied.

---

[1] Plaintiff disagrees that she dismissed her case as a result of Defendant's intention to file a motion to dismiss. Exhibit 2 clearly shows that Plaintiff contacted Defendant in advance of any knowledge that a motion would be filed.

3

## Legal Argument

### A.    There is no prior decision on the merits

The Full Faith and Credit Act requires federal courts to give a state court judgment the preclusive effect it would have under the law of the state that issued the judgment. *Migra v. Warren City School Dist.,* 465 U.S. 75, 81 (1984). Therefore, this Court must apply Michigan's claim preclusion law when determining this motion.

Res judicata "bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v Dart,* 460 Mich. 573, 586 (1999). For res judicata to apply, three requirements must be met: 1) the prior action must have been decided on the merits; 2) the issues raised in the second action must have been resolved in the first action; and 3) both actions must have involved the same parties or their privies. *Id.*   Res judicata has been construed "as applying both to claims actually raised in the prior action and to 'every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.'" *Id.* at 396, quoting *Sprague v Buhagiar,* 213 Mich. App. 310, 313(1995).

Defendant argues that res judicata applies to this case because the state case was resolved via a voluntary dismissal. [2]   Defendant suggests that all voluntary dismissals are adjudications on the merits for purposes of satisfying res judicata's first element.  This is incorrect.  The parties in this case entered into a stipulated order of dismissal with prejudice. (Ex. 5).  This was a negotiated settlement of the state court action in exchange for Defendant's agreement not to seek payment of costs to which Defendant would otherwise be entitled. *See* MCR 2.504(A)(1).  This settlement of the state claim contemplated that Plaintiff would continue to pursue her then pending federal case and both parties would benefit from the efficiency of litigating in one forum.[3]

"Although [a settlement] usually results in a stipulated order of dismissal with prejudice, such an order does not constitute an adjudication on the merits. It merely signifies the final ending of a suit, not a final judgment on the controversy, but an end of that proceeding." *Haberkorn v. Chrysler Corp.,* 210 Mich. App. 354, 378 (1995) (internal citation omitted).  Michigan courts hold

---

[2] Plaintiff disagrees that the stipulated order of dismissal was a "voluntary dismissal" under Michigan law. Michigan Court Rules set out how a voluntary dismissal can be effectuated. MCR 2.504(A).  The stipulated order of dismissal in this case does not fall within the guidelines of a "voluntary dismissal" under the rules.  Therefore, the case law regarding voluntary dismissals under Michigan law is inapplicable.

[3] Although this agreement was not in writing, this district's Civility Principles state that attorneys have a responsibility to other attorneys to: "adhere to all express promises and agreements with other counsel, whether oral or in writing, and [to] adhere in good faith to all agreements implied by the circumstances or local customs." *Id.* at para. 6.

5

that stipulated orders of dismissal with prejudice do not constitute an adjudication on the merits with respect to claims that were not raised in the dismissed matter, <u>unless</u> the parties contemplated otherwise. *Marilyn Froling Revocable Living Trust v. Bloomfield Hills Country Club,* 283 Mich. App. 264, 297 (2009); *Hanley v. Mazda Motor Corp.,* 239 Mich. App. 596, 603 (1999) (stipulated order of dismissal resulting from settlement is not an adjudication on the merits); *JP Morgan Chase Bank v. McMinn,* 2013 Mich. App. LEXIS 1880 at *14 (Mich. App. 2013) (finding that res judicata did not apply to stipulated order of dismissal because parties did not intend to bar the adjudication of other claims). *Compare Limbach v. Oakland County Board of County Road Commissioners,* 226 Mich. App. 389, 395 (1998) (plaintiff's voluntary dismissal of claims against defendant in second suit was res judicata on first suit between same parties because the claims of the first suit had been incorporated by reference into the second suit by plaintiff).

In *JP Morgan Chase Bank v. McMinn,* 2013 Mich. App. LEXIS 1880 (Mich. App. 2013), the Michigan Court of Appeals examined whether a stipulated order of dismissal with prejudice operated as res judicata on a later action where the parties explicitly contemplated that the order was binding only as to

6

the claims presented in the first litigation.[4] (Ex. 6)  This case involved a dispute regarding real property.  The plaintiff brought suit regarding a property known as Lot 15.  Like here, the parties in *JP Morgan* negotiated a settlement of the case which resulted in a stipulated order dismissing the case with prejudice.  Also like the case at bar, the *JP Morgan* parties did not intend for the dismissal to preclude the parties from pursuing later, related claims.  However, the parties in *JP Morgan* explicitly memorialized this intension in the stipulated order of dismissal.  When one of the parties later raised res judicata as a defense to a successive lawsuit, the Michigan Court of Appeals ruled that res judicata did not apply because the first element was not satisfied.  *Id.* at *11-14.  The court noted that "[a] dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters <u>contemplated in the agreement</u>, and a court order which memorializes this agreement bars further proceedings." *Id.* at *14-15 (emphasis added).  Because the parties did not intend for the stipulated order of dismissal to bar other actions, res judicata did not operate to the successive claims. *Id.* at *15.

---

[4] Although this case involves the application of the federal doctrine of res judicata, the court noted that it was "substantially similar" to the state doctrine. *Id.* at *13.  Therefore, this Court can infer that the state court would apply its own law to these facts in the same manner.

Likewise, the parties in this case did not intend for the stipulated dismissal to operate as a bar to the pending federal case.  In fact, the Defendant had already acquiesced in the claims split and the parties specifically reached an agreement which contemplated that the federal case would continue to be litigated following the dismissal of the state case.  Although the parties did not memorialize this intention in the text of the stipulated order of dismissal, it was expressed as part of the bargain in the parties' communications and the circumstances of the settlement.

Although the *JP Morgan* opinion, *supra,* is unpublished, this Court should find it persuasive because it comports with Michigan's well established law that a stipulation is a contract which must be enforced pursuant to the parties' intentions.

Under Michigan law, a stipulation dismissing the state court claim is a contract and is "governed by the legal principles applicable to the construction and interpretation of contracts." *Board of County Road Comm'rs v. Shultz,* 205 Mich. App. 371, 380 (1993) (citing *Gojcaj v. Moser,* 140 Mich. App. 828, 834 (1985)).  "The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties.  To this rule all others are subordinate." *City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool,* 473 Mich. 188, 197 (2005)(quoting

8

*McIntosh v. Groomes,* 227 Mich. 215, 218 (1924)).  Here, it is very clear from conversations and emails between the attorneys and the circumstances surrounding the stipulated order of dismissal that the parties were agreeing to proceed in one forum—that is, this Court.  Defendant has not expressly disputed that this was the intention of the parties; however, it should not be permitted to now employ gamesmanship to ignore this intention.

Defendant relies primarily on the unpublished, district court opinion of *Schulz v. Hope Network Rehabilitation Services,* 2007 U.S. Dist. LEXIS 6978; 2007 WL 330201 (W.D. Mich. Jan. 31, 2007)(affirmed 256 Fed. Appx. 774 (2007)(per curiam)).  This case is not binding and is unpersuasive because the facts are far different from the case at bar.

In *Schulz,* the plaintiff filed a complaint against defendant in state court for violation of the WPA and breach of contract.  The defendant failed to answer or otherwise defend, and a default was entered against it.  The defendant attempted to persuade the court to vacate the default, but the court refused.  Therefore, the only issue pending before the court was the amount of damages.  Thereafter, the parties engaged in case evaluation, and both parties accepted the case evaluation award. *Id.* at *2.  The case was settled for $45,000 and a final judgment in the plaintiff's favor was entered in June 2006. *Schulz,* 256 Fed.

9

Appx. 774, 774 (6th Cir. 2007).  However, prior to entry of the final judgment,

plaintiff filed a federal lawsuit.  The defendant later filed a motion for summary

judgment in the federal lawsuit claiming that the state court judgment was res

judicata.  The trial court agreed to dismiss the case on res judicata grounds and

the Sixth Circuit affirmed, noting that the case resulted in a judgment of

monetary damages in the plaintiff's favor. *Schluz,* 256 Fed. Appx. 774, 774

(2007)

Neither the unpublished district court opinion nor the unpublished, per

curiam Sixth Circuit opinion is precedent binding on this Court.  Furthermore,

*Schulz* is distinguishable from the case at bar for a number of reasons. First,

*Schulz* involved a default where liability against defendant was certain.  A

default is a final adjudication on the merits in Michigan.  Here, there is no

adjudication on the merits.  Second, in *Schulz* there was no evidence that the

defendant acquiesced in the splitting of the claims or that parties reached an

agreement to close one case with the intention of simplifying the litigation and

choosing the most appropriate forum.   Third, as more fully explored below,

*Schulz's* application of the res judicata doctrine did not result in an inequity to

the plaintiff because the *Schulz* plaintiff was properly compensated in the first

action.  Here, Plaintiff will be without any remedy.  The *Schulz* case is simply inapposite and this Court should decline to rely upon it.

For this reason, the doctrine of res judicata does not apply to bar Plaintiff's claims.

**B.  The parties agreed to split claims and continue the federal case after dismissal of the state case**

Even if res judicata would otherwise be applicable to Plaintiff's federal case, the Court must consider whether Plaintiff falls within an exception to this doctrine. *See Askew v. Ann Arbor Public Schools,* 431 Mich. 714, 731 (1988)(Boyle, concurring).  The Restatement (Second) of Judgments § 26 sets out several exceptions.  The Restatement (Second) of Judgments § 26(1)(a) states that when "[t]he parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein," res judicata does not apply.  Michigan courts have relied upon this restatement section and adopted its exceptions. *See, e.g., Ditmore v. Michalik,* 244 Mich. App. 569, 581 n. 5 (2001); *Askew v. Ann Arbor Public Schools,* 431 Mich 714, 731 (1988)(Boyle, concurring); *Little Caesar Enters. v. Rooyakker,* 2009 Mich. App. LEXIS 1485 n. 29 (Mich. Ct. App. July 7, 2009).  The Michigan Supreme Court has also cited the draft language of this particular exception with approval.  *Gose v. Monroe Auto Equip. Co.,* 409 Mich. 147, 203 n. 19 (1980).

11

Furthermore, a judge within this judicial district and division has explicitly applied this very exception. *Glassbrook v. Rose Acceptance, Inc.,* 2013 U.S. Dist. LEXIS 169939 at \*10 (E.D. Mich. 2013) (Ex. 7). In *Glassbrook,* the plaintiff brought suit against defendants in state court alleging that their efforts to collect on a mortgage and foreclose were improper. *Id.* at \* 2. While the state suit was pending, the plaintiff filed suit in federal court alleging similar improprieties under federal law. After filing the federal suit, plaintiff's state case was dismissed by the court. Defendants then moved to dismiss plaintiff's federal claims on res judicata grounds. The court refused to do so because defendants had introduced a claim splitting proposal and, thus, waived their res judicata defense and acquiesced in the filing and continuation of the federal lawsuit. *Id.* at \* 11-12. The Court specifically applied The Restatement (Second) of Judgments § 26(1)(a) exception and refused to apply res judicata to bar the plaintiff's federal claims. *Id.*

Here, there is evidence that Defendant acquiesced in the claim splitting by Plaintiff. Moreover, the agreement between the parties was that Plaintiff would continue to pursue her federal case and dismiss her state case without paying costs to Defendant. The agreement benefited both parties by allowing them to more efficiently manage the claims. Although Defendant did not

12

propose the claim splitting, Defendant had already acquiesced and, indeed, consented to the splitting of the claims. The intention of both parties was that Plaintiff would continue to litigate the federal case after the state case was closed. In fact, during a recent in chambers conference with this Court, defense counsel admitted she did not contemplate that the dismissal of the state court action would be res judicata on the federal case at the time she agreed to the stipulated dismissal of the state case.

### C. Application of res judicata would be inequitable

Finally, application of res judicata doctrine under these circumstances is inappropriate because it would be inequitable and contrary to the underlying policy of the doctrine. Under Michigan law, "[r]es judicata will not apply when it would result in inequitable administration of the laws." *People v. Phillips,* 227 Mich. App. 28, 34 (1998) (citing *Young v. Detroit City Clerk,* 389 Mich. 333, 340 (1973)); *see also, Quintin v. General Motors Corp.,* 453 Mich. 63, 99-100 (1996) (Boyle, J., for three justice plurality). Michigan courts "decline to apply a doctrine designed for judicial convenience in fairly administering the obligation to do justice so as to work an injustice." *Phillips, supra,* 227 Mich. App. 28, 34(1998)*.*

13

Here, to apply res judicata where the parties reached an agreement to pursue the federal claims would be an injustice.  Plaintiff would be left without a remedy. The purpose of the doctrine of res judicata is promote judicial efficiency by discouraging multiple litigation.  Despite the fact that Defendant acquiesced in the splitting of the claims to two different courts, the parties reached an agreement to conserve judicial resources by pursuing only the federal case.  It is contrary to the agreement of the parties and the purpose of the doctrine to punish Plaintiff for acting in a manner consistent with the doctrine.

## Conclusion

For the foregoing reasons, Defendant's motion should be denied.

                    PITT, McGEHEE, PALMER, & RIVERS, P.C.

                    By:*/s/ Andrea J. Johnson P74596*
                    Michael L. Pitt (24429)
                    Andrea J. Johnson (74596)
                    Attorneys for Plaintiff
                    117 West Fourth Street, Suite 200
                    Royal Oak, MI 48067
                    Tel: 248-398-9800
                    Fax: 248-398-9804
                    mpitt@pittlawpc.com
                    ajohnson@pittlawpc.com

Date:  March 10, 2015

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above cause was served via the ECF filing system on March 10, 2015.

Signature:  /s/ *Andrea J. Johnson*
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
ajohnson@pittlawpc.com