UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA PERNELL-HARRIS,

    Plaintiff,

v.

OAKLAND COMMUNITY COLLEGE,

    Defendant.

_____/

Case No. 14-14621

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR JUDGMENT ON THE PLEADINGS [6]**

On May 30, 2014, Plaintiff filed a Whistleblower Protection Act suit in Michigan state court. On December 8, 2014, Plaintiff filed the instant suit in this Court, alleging retaliation in violation of the ADA, Rehabilitation Act, and Michigan discrimination law. Plaintiff's state and federal complaints rested on the same factual allegations. A stipulated dismissal of the state court case was entered on January 5, 2015. On February 3, 2015, Defendant filed the instant Motion to Dismiss or for Judgment on the Pleadings [Doc. # 6], arguing that the stipulated dismissal bars further proceedings in this case under the doctrine of res judicata. Plaintiff filed a Response [9] on March 10, 2015. Defendant filed a Reply [11] on

1

March 24, 2015. The Court held a hearing on the motion on August 4, 2015. For the reasons stated on the record, as supplemented below, Defendant's motion is **DENIED**.

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812 (6th Cir. 2010) (quoting *Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir. 2007)). The Sixth Circuit and Michigan courts have recognized that a court may decline to apply res judicata where its application would violate overriding public policy or result in manifest injustice. *Id.* at 819 (citing *United States v. LaFatch,* 565 F.2d 81, 84 (6th Cir. 1977); *Storey v. Meijer, Inc.,* 429 N.W.2d 169, 173 n. 9 (Mich. 1988)); *see also, e.g.*, *Seba v. Dep't of Envtl. Quality*, 2009 WL 3110572 (Ct. App. Mich. Sept. 29, 2009) (unpublished) ("Res judicata is applied if it does not offend public policy or result in manifest injustice.") (quoting *Storey*, 429 N.W.2d at 173 n.9). The Court holds that application of res judicata to bar further proceedings in this case would contravene the policies behind the doctrine and result in manifest injustice.

For the reasons stated on the record, as supplemented above,

**IT IS ORDERED** that Defendant's Motion to Dismiss or for Judgment on the Pleadings [6] is **DENIED**.

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: August 7, 2015          Senior United States District Judge